UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WASIM AZIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1054CAS/MLM |
| | ) | |
| JEAN ANN JOHNSON, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Before the court is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Wasim Aziz ("Petitioner"). Doc. 1. Respondent filed a Response to Order to Show Cause. Doc. 8. Petitioner filed a Reply. Doc. 9. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 11.

**I.
BACKGROUND**

Petitioner was convicted of tampering first degree, in violation of Mo. Rev. Stat. § 558.016. He was found to be a persistent offender and sentenced to fifteen years incarceration. Petitioner was paroled, with his supervision commencing April 9, 2004, and expiring May 28, 2012. Doc. 8-4, Ex. A at 1.[1] The conditions of his parole included "Laws and Drugs." On November 24, 2007, a violation warrant was issued on the grounds that Petitioner had violated the terms of his parole and Petitioner was taken into custody on November 26, 2007. Doc. 8-4, Ex. A at 1.

---

[1] As part of Respondent's Response to Order to Show cause, she attached, as Exhibit B, a true and accurate copy of Respondent's Response in Missouri Supreme Court Case No. 90066. Doc. 8-4. The Field Violation Report was attached as Exhibit A to the Response in Case No. 90066. The Report of the Board of Probation and Parole was attached as Exhibit B and the Order of Revocation was attached as Exhibit C. The court will refer to Respondent's Exhibits by the letters as they appear in the Response to the Missouri Supreme Court, Doc. 8-4.

On November 26, 2007, a Preliminary Parole Revocation Hearing ("Preliminary Hearing") was conducted at the St. Louis County Justice Center. Petitioner, Officer Joseph Somogye of the St. Louis City Police Department, and Parole Officer Melissa Fox were present. At the Preliminary Hearing Petitioner acknowledged an understanding of the nature of the hearing and "receipt of all pertinent violation reports," and received a copy of the booklet titled "Rights of Offender to Preliminary and Revocation Hearing." Doc. 8-4, Ex. A at 1. Petitioner had the opportunity to ask questions of Officer Somogye and Parole Officer Fox, who testified regarding Petitioner's offenses and violations. Doc. 8-4, Ex. A at 1. Also, at the Preliminary Hearing it was stated that the particulars for Petitioner's violation included "Laws," by an arrest for the charge of Trafficking Drugs 2nd, in the City of St. Louis, "Drugs," by virtue of his arrest for Trafficking Drugs 2nd, "Laws," by virtue of Petitioner's arrest for Suspect Possession of Controlled Substance and Resisting-Interfering with a Felony Arrest in the City of St. Louis, "Drugs," by virtue of Petitioner's arrest for Suspect Possession of Controlled Substance, "Laws," by virtue of Petitioner's arrest for Possession of Controlled Substance, Possession of Marijuana, and Resisting Interfering with Arrest in the City of St. Louis, and "Laws," by Petitioner's arrest for Driving With License Revoked. Doc. 8-4, Ex. A at 1-2.

In regard to Petitioner's arrest for Driving With License Revoked, on September 26, 2007, the Probation and Parole Hearing Officer ("Hearing Officer") who conducted the Preliminary Hearing reported that Petitioner was arrested by Pine Lawn Police for this offense and that Petitioner was issued a citation/summons to appear in court on December 6, 2007. The Hearing Officer further reported that when interviewed Petitioner said that his license was illegally revoked; that he had the insurance company find out why his license was revoked; and that when he inquired why his license was revoked he had been told that "he could get his license back and take care of all the tickets" and

2

that he needed a "$20 re-instatement fee and proof of insurance." Doc. 8-4, Ex. A at 4. Also, the Hearing Officer noted that Petitioner had a "letter from the ... Burstein Law Firm stating that he has court 1/10/08 at 5:45 for Fail to Register, No Insurance, DWL suspended" and that "the letter was dated 11/7/07." Doc. 8-4, Ex. A at 3. The Hearing Officer further reported that when asked if he had "other remarks," Petitioner stated that "the only cases he ha[d] [were] the ones he was on bond for and traffic in St. Louis County." Doc. 8-4, Ex. A at 4.

The Hearing Officer's Recommendation from Petitioner's Preliminary Hearing was that probable cause existed in regard to Laws and Drugs by Petitioner's July 21, 2005 arrest for Trafficking Drugs 2nd, and by Petitioner's September 26, 2007 arrest in Pine Lawn for Driving With License Revoked. In regard to Petitioner's arrest for Trafficking Drugs 2nd, the Hearing Officer noted that although Petitioner did not admit to the violation, Officer Somogye stated "that it was [Petitioner] he apprehended after observing what he believed to be hand to hand transactions of narcotics." In regard to the Driving With License Revoked violation, the Hearing Officer noted that Petitioner "does admit his license was revoked," although he "claim[ed] that he had no idea it was revoked." Doc. 8-4, Ex. A at 4. Probable cause was not found for the remaining alleged violations. Doc. 8-4, Ex. A at 4.

The Missouri Board of Probation and Parole held a Revocation Hearing on February 20, 2008. Petitioner was present at the hearing. Upon revoking Petitioner's parole, the Board held:

> The Board, from the evidence presented, specifically the violation report(s) dated 10/5/07, as well as [Petitioner's] testimony during [his] 2/20/08 revocation hearing, finds, by the preponderance of the credible evidence:
>
> That [Petitioner] knowingly violated Condition #1, Laws, of the Conditions and Orders of Parole, in that [Petitioner] [was] arrested on 9/26/07 in Pine Lawn MO for Driving with License Revoked and the Board notes that [Petitioner] admitted to this violation at [his] 2/20/08 revocation hearing.

3

> Therefore, the Board in its discretion, has determined to revoke the Parole granted [Petitioner] on 4/0/04, and schedule [Petitioner] for a personal parole hearing in June 2008.

Doc. 8-4, Ex. B at 1.

The Parole Board issued an Order of Revocation on April 8, 2008, which states that Petitioner's new maximum release date is May 28, 2012. Doc. 8-4, Ex. C.

Petitioner filed a Petition for Writ of Habeas Corpus with the Missouri Supreme Court on about April 4, 2009, which was summarily denied on May 26, 2009. Doc. 8-3, Ex. A, Doc. 8-5, Ex. C.

Petitioner filed his § 2254 Petition on July 6, 2009, in which he alleges his constitutional rights were violated because:

(1) The revocation of Petitioner's parole based on his receiving a traffic ticket for driving with a revoked license is impermissible;

(2) Police officers were not present at Petitioner's Revocation Hearing; and

(3) Petitioner was not given police reports at his Preliminary Hearing and at his final Revocation Hearing.

Doc. 1.[2]

## II.
## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-29 (1997). In conducting habeas review

---

[2] In his § 2254 Petition, Petitioner states that the judgment which he is challenging is his parole revocation hearing dated "5-29-08." Doc. 1 at 1. Nonetheless, in Grounds 1-3 of his § 2254 Petition and in his Reply to the Response to Order to Show Cause Petitioner addresses his November 26, 2007 Preliminary Parole Revocation Hearing and his February 20, 2008 Parole Revocation Hearing before the Parole Board. The record before the court does not reflect that any judgment was entered in Petitioner's case on May 29, 2008.

4

pursuant to § 2254 a federal court is limited to deciding whether decisions of state courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). "'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" Evenstad v. Carlson, 470 F.3d 777, 782-83 (8th Cir. 2006) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or applied unreasonably. Id. at 283 (citing Buchheit v. Norris, 459 F.3d 849, 853 (8th Cir. 2006); Owsley v. Bowersox, 234 F.3d 1055, 1057 (8th Cir. 2000)).

In Williams, 529 U.S. at 412-13, the United States Supreme Court held that the writ of habeas corpus may issue only if the state-court adjudication resulted in a decision that:

> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Additionally, § 2254(d)(2) provides that an application for writ of habeas corpus should not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Further, pursuant to § 2254(e)(1), "[a] state court's determination on the merits of a factual issue is entitled to a presumption of correctness." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001). The state court's factual determinations "must be rebutted by clear and convincing

5

evidence." King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001). For purposes of federal habeas relief, the state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003). See also Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir. 2004) ("[A] state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1).").

Where a federal constitutional question is not adjudicated on its merits in state court proceedings, it is not appropriate for a federal court to apply the standard of § 2254 as amended by the AEDPA because there is no apparent state-court adjudication to which this standard can be applied. Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002) ("[B]ecause this claim apparently was not adjudicated by the [state] court, we likely should apply the pre-AEDPA standard of review."). Under the pre-AEDPA standard a habeas petitioner must demonstrate a "'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely would have been different absent the now-challenged [error]." Id. at 865-66 (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir.1987) (en banc)).

## III.
## EXHAUSTION, PROCEDURAL DEFAULT, and TIMELINESS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)).

6

A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

In regard to the exhaustion requirement the Eighth Circuit holds:

> "[I]t is well settled that only after some clear manifestation on the record that a state court will refuse to entertain petitioner's claims will the exhaustion requirement be disregarded as futile." Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir.1981); accord Eaton v. Wyrick, 528 F.2d 477, 482 (8th Cir.1975). The question is usually whether state law provides any presently available state procedure for determining the merits of the petitioner's claim; not whether the state court would decide in favor of the petitioner on the merits. See, e.g., Lindner v. Wyrick, 644 F.2d 724, 727 (8th Cir.), cert. denied, 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981) (return to state court not futile because Missouri rule allows second post-conviction petition if the petitioner can show his claims are based on information not available at the time of the first petition); Thomas v. Wyrick, 622 F.2d 411, 414 (8th Cir.1980) (whether state rule barring claims not raised in direct appeal makes post-conviction remedy presently unavailable is a question of state law).

Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

Missouri Rule 91 provides that a person restrained of liberty within Missouri may seek relief pursuant to habeas corpus petition and specifically states that it "applies in all particulars not provided for by the foregoing provisions." Where a criminal defendant fails to timely bring a claim pursuant to state appellate or post-conviction procedure, there is authority that an issue unknown or not reasonably discoverable to the inmate during the period in which he could have filed for relief under these procedures can provide the basis for habeas corpus relief under Rule 91. Brown v. Gammon, 947 S.W.2d 437, 440 (Mo. Ct. App. 1997) (citing Merriweather v. Grandison, 904 S.W.2d 485, 489 (Mo. Ct. App.1995); Walls v. Delo, 755 F. Supp. 873, 875 (E.D. Mo.1991)).

Where a Missouri prisoner fails to raise issues in his direct appeal or in post-conviction relief proceedings, he cannot base federal review pursuant to § 2254 on his filing a state petition for writ of habeas corpus which state petition is filed improperly pursuant to Missouri law. See Simmons, 866 S.W.2d at 446. The Eighth Circuit has explained as follows that:

> Byrd v. Delo, 942 F.2d 1226 (8th Cir.1991), ... involv[ed] the Missouri Supreme Court's summary denial of a Rule 91 habeas petition with the same language

8

as used in this case. We stated, "[a]fter Coleman [v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ], there is simply no reason to construe an unexplained Rule 91 denial as opening up the merits of a previously defaulted federal issue," because such a denial rests on the Missouri procedural rule that Rule 91 cannot be used to raise claims that could have been raised on direct appeal or in a timely motion for post-conviction relief. Byrd, 942 F.2d at 1232. Both before and after Simmons, we have consistently followed Byrd 's rule regarding unexplained denials of Rule 91 petitions. See Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir.1996); Charron v. Gammon, 69 F.3d 851, 857 (8th Cir.1995) [additional citations omitted].

Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996).

Because the court finds below that Petitioner's claims in support of his § 2254 Petition are without merit, the court need not determine whether, prior to filing his § 2254 Petition, Petitioner exhausted his State remedies or whether he properly raised his claims pursuant to State procedure.[3] See Sweet, 125 F.3d at 1149; Abdullah, 75 F.3d at 411. The court notes, however, that Petitioner is challenging the revocation of his probation. Under such circumstances, Missouri Supreme Court Rule 91, as described above, was a means by which Petitioner could challenge his confinement. See Green v. State, 494 S.W.2d 356, 357 (Mo. 1973) (en banc). Petitioner filed a habeas corpus petition with the Missouri appellate court[4] and with Missouri Supreme Court. Resp. Ex. C. The record further reflects that Petitioner raised the issues addressed in his § 2254 Petition in his habeas petition filed with the Missouri Supreme Court. The record before this court, however, does not reflect whether Petitioner filed a habeas corpus petition in circuit court prior to filing in the Missouri appellate court and the Missouri Supreme Court, as required by State law. See Rule 91.02(a). The

---

[3] Respondent did not contend in the Response to Order to Show Cause that Petitioner failed to exhaust his state remedies or that he procedurally defaulted the issues which he raises in his § 2254 Petition.

[4] While the record before the court does not include documentation establishing that Petitioner filed a habeas corpus petition with the Missouri appellate court, Petitioner states in his § 2254 Petition that he did so. As such, the court will assume, arguendo, that Petitioner filed a habeas corpus petition with the Missouri appellate court.

9

Missouri Supreme Court dismissed Petitioner's habeas corpus petition summarily. As such, it is not evident whether the claims brought in Petitioner's State habeas corpus petition were properly raised according to State procedure. See Preston,100 F.3d at 600. Nonetheless, the court will address Petitioner's § 2254 Petition on its merits.

Additionally, Petitioner's § 2254 Petition was timely filed.

## IV.
## DISCUSSION

**Ground 1 - The revocation of Petitioner's parole based on Petitioner's receiving a traffic ticket for driving with a revoked license is impermissible:**

In support of Ground 1 Petitioner contends that his license was revoked illegally because he never had eight points in a year as required for license revocation; that because he was in prison for the parole violation he could not challenge the license revocation; that his case challenging the license revocation was dismissed; and that, therefore, it was improper to revoke his parole based on the revocation of his driver's license. Petitioner further contends that his conviction violates Alabama v. Shelton, 122 S.Ct. 1764 (2002). Petitioner also contends:

> While respondent claims petitioner admitted to driving on a revoked license this is error. ***The fact is that petitioner[']s license was revoked*** illegally as petitioner has never had 8 points in a year for a revoked license. Petitioner has repeatedly stated this in the preliminary hearing and the revocation hearing.

Doc. 9 (emphasis added).

Respondent contends that Petitioner's parole was *not revoked based on his conviction* for driving while having a revoked license, but rather that it was based on *Petitioner's conduct of* driving with a revoked license and his admission in this regard. Respondent contends that Petitioner's admission that he violated a condition of his parole was sufficient to revoke his parole. First, in agreement with Respondent, the court notes, at the Preliminary Hearing, before the Parole Board, and before this court, Petitioner has admitted that he drove while his license was revoked, although

10

he contends that it should not have been revoked. The relevant facts are that a condition of Petitioner's parole was that he not violate the law; that, as discussed below, driving with a revoked license violates Missouri law; that Petitioner drove with a revoked license and he has admitted doing so; and that Petitioner's admitted conduct unequivocally violated a condition of his parole.

Second, to the extent Petitioner contends Shelton, 122 St. Ct. 1764, is applicable, he is misguided. Shelton holds only that the Sixth Amendment does not permit activation of a suspended sentence upon a defendant's violation of his probation where the prisoner did not have appointed counsel during the prosecution of his case. In Shelton the defendant was convicted, without assistance of counsel, of third-degree assault. He received a suspended imposition of sentence and two years probation; the suspended sentence and two years probation were reversed on appeal. The Court held that the defendant's constitutional rights were violated because he was not provided counsel during the prosecution of the third-degree assault charge. In fact, under federal law, there is not right to counsel at a parole revocation hearing. Barnes v. United States, 445 F.2d 260, 261 (8th Cir. 1097) ("'The general rule is well established that due process does not require appointment of counsel at parole revocation proceedings.'") (quoting Heezen v. Daggett, 442 F.2d 1002 (8th Cir. 1971)).

Third, as stated by Respondent, to the extent Petitioner contends that his parole was revoked for his receiving a traffic ticket for Driving With Revoked License, Petitioner is wrong, as his parole was revoked based on his *conduct of driving with a revoked driver's license* and his *admission* in this regard. A condition of Petitioner's parole was that he would not violate the law. Driving with a revoked license violates Missouri law. See Mo. Rev. Stat. § 302.321; St. Louis County Ordinance 1213.019 (2009). Petitioner's allegation that his driver's license was wrongfully revoked is, therefore, not relevant to the revocation of his parole. Rather, Petitioner's admitted conduct of

11

driving with a revoked license, in violation of a condition of his parole, is controlling. As such, the court finds, pursuant to a pre-AEDPA standard of review, that Petitioner is not entitled to habeas relief based on the allegation of Ground 1. See Robinson, 278 F.3d at 865.

**Ground 2 - Police officers were not present at Petitioner's Revocation Hearing;**

**Ground 3 - Petitioner was not given police reports at his Preliminary Revocation Hearing and at his final Revocation Hearing**.

To the extent Petitioner contends in Ground 2 that police officers were not present at his Revocation Hearing, the decision of the Hearing Officer reflects that Officer Somogye and Parole Officer Fox were present at the Preliminary Hearing. To the extent that Officer Somogye, Officer Fox, and Pine Lawn police officer(s) involved in Petitioner's arrest for Driving With Revoked License were not present at the February 20, 2008 Revocation Hearing, their presence is not relevant as Petitioner's parole was not revoked based on officers' statements; rather, as stated above, it was revoked based on Petitioner's conduct of violating a condition of his parole and his admission in this regard. As such, Petitioner cannot establish that he was prejudiced by officers' absence from the February 20, 2008 Revocation Hearing.

To the extent Petitioner contends in Ground 3 that he was not given copies of police reports at the Preliminary Hearing or at the final Revocation Hearing, the Hearing Officer found that Petitioner "acknowledged ... receipt of all pertinent violation reports" at the Preliminary Hearing. Doc. 8-4, Ex. A at 1. Moreover, in proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir.2003). Petitioner has not suggested evidence to rebut the Hearing Officer's statement regarding Petitioner's receipt of pertinent violation reports. Thus, the court will afford a presumption of correctness to the finding of the Hearing Officer that Petitioner

received copies of pertinent violation reports. Further, Petitioner has not suggested that he asked for, and/or was refused, copies of pertinent documents at the final Revocation Hearing.

Additionally, under federal law "technical and nonprejudicial variances in parole revocation proceedings do not rise to constitutional violations." Perry v. United States Parole Comm'n, 831 F.2d 811, 813 (8th Cir. 1987) (citing Martineau v. Perrin, 601 F.2d 1201, 1205 (1st Cir.1979)). Because Petitioner's parole was revoked on the basis of his conduct in violation of State law and his admission in this regard and not on officers' testimony, officers' absence from the final hearing did not affect the outcome of Petitioner's revocation proceedings nor was Petitioner prejudiced by their absence. Likewise, even assuming, arguendo, that Petitioner did not receive copies of police reports, because Petitioner admitted that he drove with a revoked license, because this was a violation of the conditions of his parole, and because Petitioner's parole revocation was based on this violation, Petitioner was not prejudiced by his allegedly not receiving police reports nor did this alleged failure affect the outcome of his Revocation Hearing. Under such circumstances Petitioner can not establish that his constitutional rights were violated on the basis of Ground 2 and 3.[5] Thus, pursuant to a pre-AEDPA standard of review, the court finds that Petitioner is not entitled to habeas relief on the basis

---

[5] The court notes that in Gagnon v. Scarpelli, 411 U.S. 778 (1983), the Supreme Court held that the Constitution requires that a probationer is entitled to a preliminary and a final revocation hearing, under the conditions set forth in Morrissey v. Brewer, 408 U.S. 471(1972). In Morrissey, 408 U.S. 471, Court "provided the starting point for analyzing the constitutionality of parole revocation proceedings." Belk v. Purkett, 15, F.3d 803 (8th Cir. 1994). During parole revocation proceedings a parolee must be treated with "basic fairness" which requires that the parolee be provided, upon his arrest, with "some minimal inquiry ... as promptly as convenient after arrest." Id. (quoting Morrissey, 408 U.S. at 485). Additionally, "'[a]t the hearing the parolee may appear and speak in his own behalf; he may bring letters, documents, or individuals who can give relevant information to the hearing officer.'" Id. (quoting Morrissey, 408 U.S. at 486). In Petitioner's case he had a Preliminary Hearing on the day he was taken into custody, Officer Somogye and Parole Officer Fox were present, and Petitioner spoke on his own behalf and was given an opportunity to contest the allegations against him.

13

of Grounds 2 and 3. See Gagnon, 411 U.S. 778; Morrissey, 408 U.S. 471; Robinson, 278 F.3d at 865.

Alternatively, pursuant to Williams, the court finds that the April 8, 2008 decision of the Board of Probation and Parole is a reasonable determination of the facts in light of the evidence presented. See Lomholt, 327 F.3d at 752; Jones, 359 F.3d at 1011; Boyd, 274 F.3d at 500; King, 266 F.3d at 822. Further, the court finds that the April 8, 2008 decision of the Board of Probation and Parole is not contrary to federal law and that it is a reasonable application of federal law. As such, the court finds that Petitioner's Grounds 2 and 3 are without merit and that habeas relief on their basis should be denied.

## V.
## CONCLUSION

For the reasons stated above, the court finds that Petitioner's Grounds 1-3 are without merit. As such, the court further finds that Petitioner's § 2254 Petition for habeas relief should be denied in its entirety. The undersigned also finds that the grounds asserted by Petitioner do not give rise to any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**; Doc. 1.

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time

for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of November, 2009.